This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                  **No. 33,557**

**ALEXIS AUGUST,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals from an on-the-record district court judgment affirming her metropolitan court conviction for DWI (first offense) and speeding. We issued a

calendar notice proposing to affirm. Defendant has responded with a memorandum opinion. We affirm.

{2}    **Issue I:** Defendant contends that "the [district] court erred in ruling a duress defense was not applicable in this matter." [MIO 5] This Court has held that the defense of duress is available in DWI cases. *State v. Rios*, 1999-NMCA-069, ¶ 28, 127 N.M. 334, 980 P.2d 1068. We noted, however, that "[w]e must approach the application of this defense to DWI charges with care so as not to vitiate the protectionary purpose of the strict liability statute." *Id.* ¶ 16 (alteration, internal quotation marks, and citation omitted). We thus adopted a narrow articulation of the duress defense in DWI cases, under which a defendant must produce sufficient evidence that: "(1) he[/she] was under an unlawful and imminent threat of death or serious bodily injury; (2) he[/she] did not recklessly place [herself] in a situation that would likely compel [her] to engage in the criminal conduct; (3) he[/she] did not have a reasonable legal alternative (in other words, [s]he could not have reasonably avoided the threatened harm or the criminal conduct in which [s]he engaged); and (4) a direct causal relationship existed between the criminal action and the avoidance of the threatened harm. *Id.* ¶ 17 (internal quotation marks and citation omitted). "The keystone of the analysis is that the defendant must have no alternative—either before

or during the event—to avoid violating the law." *Id.* (alteration, internal quotation marks, and citation omitted).

{3}    Here, Defendant claimed that she had, in fact, been a passenger of the vehicle when it was stopped, but the actual driver threatened her and forced her to switch seats by the time the officer approached the vehicle. [MIO 2] Defendant had a bench trial, and therefore the issue is not whether there was sufficient evidence to give a duress jury instruction, but whether the court, sitting as fact finder, could reject the duress defense. Because Defendant's defense was predicated on her credibility, and the court believed that Defendant had "fabricat[ed]" her testimony [MIO 3; DS 5], the court simply rejected her defense. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact finder is free to reject a defendant's version of events). To the extent that the judge made oral comments with respect to the applicability of the duress defense had he had ruled otherwise and concluded that Defendant was credible, these comments are superfluous and do not affect our analysis. *Cf. Ledbetter v. Webb*, 1985-NMSC-112, ¶ 34, 103 N.M. 597, 711 P.2d 874 (explaining that a trial court's verbal comments can be used to clarify a finding but that they cannot be the basis for reversal).

{4}    **Issue II:** Defendant continues to claim that she received ineffective assistance of counsel. [MIO 8] We will not decide an ineffective assistance of counsel claim on

direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 1992-NMCA-112, ¶ 4, 114 N.M. 725, 845 P.2d 819, *abrogated on other grounds by Allen v. Lemaster*, 2012-NMSC-001, 267 P.3d 806.

{5}     Here, Defendant's docketing statement claimed that counsel was ineffective by failing to timely subpoena a defense witness. [DS 4] The district court determined that counsel was not at fault because this witness, who allegedly would have testified that Defendant's boyfriend was abusive, was not disclosed by Defendant to counsel prior to trial. [DS 5] Therefore, the court attributed any error to Defendant, and not counsel. In addition, it is purely speculative that the court, sitting as fact finder, would have changed its credibility determination based on the testimony of a witness who did not have direct knowledge of the actual events leading to Defendant's arrest. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). This is also true with respect to any alleged failure to provide a more thorough duress defense.

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

4

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**M. MONICA ZAMORA, Judge**